**3**

**CARGO OF LUMBER LADEN ON SCOW CULLEN NO. 42 (Pembroke Lumber Sales Company, Inc., Appellant), v. UNITED STATES LIGHTERAGE CORPORATION, Appellee. CARGO OF LUMBER LADEN ON SCOW MORAN NO. 28 (Pembroke Lumber Sales Company, Inc., Appellant), v. UNITED STATES LIGHTERAGE CORPORATION, Appellee. CARGO OF LUMBER LADEN ON SCOW N. Y. NO. 1 (Pembroke Lumber Sales Company, Inc., Appellant), v. CHIARELLO LIGHTERAGE CORPORATION, Appellee.**

Circuit Court of Appeals, Third Circuit. February 20, 1928.

Nos. 3686–3688.

Appeals from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Duncan & Mount, of New York City (Joseph K. Inness, of New York City, of counsel), for appellant.

William F. Purdy, of New York City (Thomas A. McDonald, of New York City, of counsel), for appellee U. S. Lighterage Corporation.

Frederick W. Park, of New York City, for appellee Chiarello Co.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the libel filed in the court below the lighterage company claim to recover for lighterage services and demurrage growing out of its removal by the scow Cullen No. 42 of a cargo of lumber owned by the Pembroke Lumber Sales Company and consigned to itself, from the steamship Commercial Guide lying at Brooklyn to the Kenna Wharf Terminal at Newark, N. J. The libel alleged an express promise by the Pembroke Company to pay such lighterage and customary demurrage, and that the demurrage charged was at the customary rate. The answer traversed these allegations. The issues involved were of fact, and after hearing the proofs and seeing the witnesses the court below found the facts in favor of and entered the decree for

libelant, from which decree this appeal is taken.

No legal principles are involved, and in the final analysis the case, both below and here, involves questions of fact. Without entering into a discussion of the evidence and the contentions of the parties of the conclusions to be drawn therefrom, we find the court committed no error, as a study of the proofs satisfy us of the authority of the representative who contracted on behalf of the Pembroke Company to so do; that the latter company agreed to pay customary demurrage; that such customary demurrage rates were as alleged by libelant; and that the delay in dispatch was caused by failure of the Pembroke Company to furnish wharf space suitable for unloading lumber. Finding no error, the decree of the court below is affirmed; and, as the same proofs and conclusions apply to the case between the same parties with reference to the cargo of the scow Moran No. 28, the decree therein made is also affirmed.

In the libel of the Chiarello Lighterage Corporation, which involved the scow N. Y. No. 1, the initial loading of the cargo was by mistake and without knowledge on the part of the company of such use being made of its scow. On discovery, however, of such mistake, the libelant owner and the Pembroke Company's representative made substantially the same agreement as made by the United States Lighterage Company. The three libels were heard as one in the court below as well as here.

For the reasons set forth in the Cullen Case, we now affirm the decree made in the libel of the Chiarello Lighterage Corporation Case.